IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWSON REED RANKIN,

           Plaintiff,

v.

DEPUTY PAGE BEUTLER, et al.,

           Defendants.

Case No. 6:23-cv-00655-AN

ORDER

NELSON, District Judge.

Before this Court are Plaintiff's Motion for Appointment of Counsel (#3) and Motion for Temporary Restraining Order and Preliminary Injunction (#4). For the reasons set forth below, Plaintiff's Motions are denied.

**I.    Motion for Appointment of Counsel (#3)**

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer

1 - ORDER

counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates Plaintiff's likelihood of success on the merits and his ability to articulate his claim *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## II.     Motion for Preliminary Injunction (#4)

Plaintiff also asks the Court to issue a temporary restraining order and preliminary injunction. Pursuant to Fed. R. Civ. 65(a)(1), no preliminary injunction may issue without notice to the adverse party. Similarly, Fed. R. Civ. P. 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party absent a showing of "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction includes neither a certificate of service nor a showing as to why notice should not be required in this case. Accordingly, Plaintiff's Motion is denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Appointment of Counsel (#3) and Motion for Temporary Restraining Order and Preliminary Injunction (#4) are denied.

The Clerk of Court is directed to provide a courtesy copy of this Order to Lincoln County Counsel Kristin Youille.

IT IS SO ORDERED.

5/15/2023
DATE

Adrienne Nelson
United States District Judge

3 - ORDER